**THE UNITED STATES COURT OF INTERNATIONAL TRADE**

*BEFORE*: The Honorable Leo M. Gordon, Senior Judge

| | |
|---|---|
| **HTM MBS LLC**, | ) |
| Plaintiff, | ) |
| v. | ) |
| **United States**, | ) Ct. No. 26-02863 |
| Defendant, | ) |
| and | ) |
| **Aluminum Extrusions Fair Trade Committee**, | ) |
| Defendant-Intervenor. | ) |

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

Pursuant to Rule 56.2(a)(5) the Rules of the United States Court of International Trade, Plaintiff HTM MBS LLC and Defendant United States and Defendant-Intervenor the Aluminum Extrusions Fair Trade Committee have consulted and, by and through their undersigned counsel, respectfully submit this Joint Status Report following the filing and service of the Administrative Record in this proceeding on June 30, 2026.

**I.      STATUS REPORT**

In response to the questions set forth in Rule 56.2(a), the parties state the following:

*1.   Does the Court have jurisdiction?*

In the complaint, Plaintiff HTM MBS LLC asserted that this Court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c). At this time no party is aware of a basis to challenge that basis for jurisdiction. Plaintiff seeks to challenge the U.S. Department of

1

Commerce's determination that certain merchandise is in the scope of the orders on Aluminum Extrusions from China. *See* Memorandum from Maureen Shaheen to Scot Fullerton, "Antidumping and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China: Final Scope Ruling on HTM MBS LLC Request on Wall Standoffs and Components Thereof," A-570-967/C-570-968 (March 24, 2026).

2. *Should the case be consolidated with any other case or should any portion of the case be severed?*

The parties are not aware of any other case with which this proceeding should be consolidated or any reason that any portion of this case should be severed.

3. *Should further proceedings be deferred pending consideration of another case?*

The parties are not aware of any reason that these proceedings should be deferred.

4. *Should the Court be aware of any additional information?*

The parties do not believe that the Court should be aware of any additional information at this time.

## II.    PROPOSED BRIEFING SCHEDULE

The parties propose the following briefing schedule:

- Plaintiff will file its Motion for Judgment on the Agency Record and accompanying Opening Brief on or before October 2, 2026.

- Defendant and Defendant-Intervenor will file their respective Response Briefs on or before December 4, 2026.

- Plaintiff will file its Reply Brief on or before January 4, 2027.

- The Joint Appendix will be filed on or before January 15, 2027.

- Motions for Oral Argument will be due on January 25, 2027.

2

The proposed schedule varies slightly from the periods set out in Rule 56.2(d).  The Rule 56.2(d) periods would result in filing deadlines falling just after both Thanksgiving and Christmas; the parties have agreed to the proposed briefing schedule as providing all parties equal briefing time while avoiding deadlines during the holidays.

Respectfully submitted,

/s/ Heather Jacobson
Heather Jacobson
NAKACHI, ECKHARDT, AND
JACOBSON P.C.
450 Alaska Way South, Suite 200
Seattle, WA
207-774-0927
hjacobson@tradelawcounsel.com
Counsel to Plaintiff


BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

s/ Rebecca T. Mitchell
REBECCA T. MITCHELL
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone:    (202) 616-0467
Email:        Rebecca.Mitchell@usdoj.gov

3

<u>/s/ Robert E. DeFrancesco, III</u>
Robert E. DeFrancesco, III, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.
Paul A. Devamithran, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

Counsel to Aluminum Extrusions Fair Trade
Committee

Dated: July 30, 2026